<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD P. KAPLAN, | Civil Action No. 14-1099 (CCC) |
| Plaintiff, | |
| v. | **OPINION** |
| JOHN DOE, MAIL ROOM STAFF AT ESSEX CO. CORR. FACILITY, et al., | |
| Defendants. | |

**<u>CECCHI, District Judge</u>**:

Plaintiff Richard P. Kaplan, a prisoner confined at the Federal Correctional Institution Otisville, in Otisville, New York, seeks to bring this action *in forma pauperis* alleging violations of his constitutional rights while he was confined at Essex County Correctional Facility.   Based on his affidavit of indigence, Plaintiff's application to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915(a).   However, the Court may dismiss the Complaint if its allegations are frivolous or malicious, it fails to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.  BACKGROUND

The following factual allegations are taken from the Complaint and are accepted as true for screening purposes only.   Plaintiff states that he was detained at the Essex County Correctional Facility from April 3, 2008 until August 2008.   He alleges that certain unnamed Correctional Facility mail room employees intentionally withheld a divorce Complaint and Summons, Compl.,

p. 5, and, as a result, Plaintiff was "in Default for not answering the previous Court Notice . . . ." *Id.* at p. 3.   Although he subsequently obtained an attorney and asked the attorney to "bypass the Default Motion," he asserts that the entry of default "caused bias" against him in the divorce proceeding and "caused" and "contributed to the loss of all of [his] marritable [sic] assets ($500,000)." *Id.*   The Complaint asserts that the divorce claims were "not frivolous, in which Mr. Kaplan having a Statute of Limitation to respond to a pleading is not frivolous;" however, there are no specific allegations setting forth the elements and facts relating to his divorce claims or defenses.  *Id.* at p. 6.

The dates referenced in the Complaint regarding when Plaintiff became aware that he did not receive the divorce papers are contradictory.   In one paragraph in his Complaint, he asserts that "[s]ometime in January-2008," he received notice from the Middlesex County Family Court that he was in default for not answering a previously-mailed notice in his divorce proceeding.   *Id.* However, in a separate paragraph, he states that the document he was required to answer was mailed to him in July of 2008.   *Id.* at p. 5.   Plaintiff also attaches to his Complaint a copy of an unsigned Consent Order Vacating Default in the divorce proceeding, which states that Plaintiff's time to file a responsive pleading in that proceeding would have been extended to September 15, 2008.  *See* Compl., Ex. H.

In Plaintiff's view, the unnamed mail room staff's failure to provide him with his copy of the divorce Summons and Complaint violated his First Amendment right to access to the courts. Plaintiff does not state whether he sought relief through the prison administrative remedy process.

## II.  STANDARD OF REVIEW

### A.  Standard for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66

to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil

actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B),   seeks

redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim

with respect to prison conditions, *see* 42 U.S.C. § 1997e.  The PLRA directs district courts to *sua*

*sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may

be granted, or seeks monetary relief from a defendant who is immune from such relief.

Under *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for

failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim

is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation

omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S.

at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must

---

[1]     "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28
U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule
of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing
*Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232
(3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159,
162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B.   Section 1983 Actions**

A plaintiff may bring a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**III.   DISCUSSION**

**A.      Failure to State a Claim**

There are two types of access-to-courts claims:   backward-looking and forward-looking. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002).   Based on the facts alleged in the Complaint, Plaintiff's claim is backward-looking in nature because he alleges that he has lost the opportunity to present past legal claims in connection with his divorce proceeding. *See id* (describing a backward-looking claim as "turn[ing] on a litigating opportunity . . . already lost ....").[2]   To properly plead a backward-looking claim, prisoners must allege "(1) that they suffered

_____

[2]      Plaintiff asserts, in one sentence of the Complaint, that "in order to provide meaningful

4

an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008); *Watson v. Sec'y Penn. Dept. of Corr.*, 463 F. App'x 131, 135-36 (3d Cir. 2011) ("The underlying lost claim, whether past or potential, must be nonfrivolous and arguable, and also must be described in the complaint.")

Importantly, the access-to-courts claim must comply with additional pleading requirements related to the underlying, past legal claim. *Id.* "The complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id.* at 205-06. Plaintiff has not satisfied this latter pleading requirement. While he appears to assert that he would have raised a statute of limitations defense in response to the divorce complaint, he provides no details about this defense. Therefore, Plaintiff has not pled sufficient facts from which the Court could conclude that his underlying claim is "more than a mere hope," or that his statute of limitations defense would have been meritorious. For this reason, Plaintiff's Complaint fails to state a claim for which relief may be granted and is subject to dismissal. *Accord* Watson, 436 F. App'x at 135-36.

**B. Fictitious Defendants**

The Court further notes that Plaintiff has named only fictitious defendants, and no specific factual allegations are made with respect to these defendants. Where fictitious defendants are

---

right of access to the courts, [prisons] are required to provide affirmative assistance in preparing of legal papers …." Compl. p. 6. As there are no facts in the Complaint relating to denial of access to supplies or a law library, for example, the Court does not construe Plaintiff's Complaint as asserting a forward-looking access-to-courts claim. *Compare Harbury*, 536 U.S. at 413 (describing forward-looking claims as including those brought by prisoners claiming that lack of access to a law library, a reader, or a lawyer, frustrated their attempts in filing or preparing a suit).

named, courts have directed plaintiffs to include specific allegations that relate to the identification

of the defendants, as well as allegations that relate to the defendants' liability:

> While fictitious defendants "'are routinely used as stand-ins for real
> parties until discovery permits the intended defendants to be
> installed,'" *Hindes v. FDIC*, 137 F.3d 148, 155 (3d Cir. 1998)
> (citations omitted), Plaintiff's failure here to allege any identifying
> characteristics or any facts suggesting a basis for liability requires
> dismissal of all claims against the unnamed fictitious defendants for
> failure to state a claim.   It is not sufficient merely to add "John
> Does" to the list of defendants; Plaintiff must, in the body of the
> Complaint, make factual allegations describing the John Does
> defendants and their actions.

*Kates v. Bridgeton Police Department*, Civil Action No. 10-6386, 2011 WL 6720497, *1 n.1

(D.N.J. Dec. 21, 2011).   *See also Beale v. Department of Justice*, Civil Action No. 06-2186, 2007

WL 327465, *8 (D.N.J. Jan. 30, 2007); *Smith v. Creative Resources, Inc.*, Civil Action No.

97-6749, 1998 WL 808605, *1 n.2 (E.D. Pa. Nov. 23, 1998).

Here, Plaintiff's Complaint does not include any facts that would permit identification of

the mail room defendants, nor does it include any allegations suggesting a basis for the mail room

defendants' liability, other than conclusory and implausible statements.   The bare allegations that

defendants intentionally withheld and "Fraudulently Conceal[ed]" the divorce proceeding

Summons and Complaint from Plaintiff are conclusory in nature.   *Compl.*, p. 7.   Plaintiff further

alleges that the defendants were involved in a "civil conspiracy" with political figures to withhold

his mail; however, he does not state who these figures might be, why they would be involved in a

conspiracy against him, and why they would be interested in his divorce proceeding.   As noted,

"[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the *reasonable* inference that the defendant is liable for the misconduct alleged."   *Belmont*,

708 F.3d at 483 n.17 (emphasis added).   Plaintiff's "civil conspiracy" allegations fall short of the plausibility mark, in addition to being conclusory in nature.   *See Argueta v. U.S. Immigration and Customs Enforcement*, 643 F.3d 60, 74 (3d Cir. 2011) (rejecting allegation regarding the existence of a "culture of lawlessness" as conclusory).   This, too, is a basis for dismissing Plaintiff's Complaint for failure to state a claim.

**C.      Additional Requests**

Plaintiff has made several additional requests:   a request for the appointment of counsel, a "request for admissions" from the Defendants, and a motion for the production of documents. Because the Court is dismissing his case in its entirety, these requests are hereby denied as moot.

**D.      Leave to Amend**

Because Plaintiff may be able to overcome the deficiencies in his Complaint, the Court grants him leave to amend within thirty (30) days of receipt of the Order accompanying this Opinion.   If Plaintiff chooses to amend,

> Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.*   To avoid confusion, the safer course is to file an amended complaint that is complete in itself.   *Id.*

*Johnson v. Bondiskey*, Civil Action No. 11-3836, 2011 WL 3236519, *5 (D.N.J. Jul. 27, 2011). The Court further notes that Plaintiff may clarify the dates relating to the mailing and receipt of the divorce Summons and Complaint in any amended complaint.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Complaint will be **DISMISSED** without prejudice.   Plaintiff's request for appointment of counsel, for admissions, and for the production of documents are **DENIED**.   An appropriate Order follows.

_____
CLAIRE C. CECCHI, U.S.D.J.

DATED: _____March 31_____, 2015

8